UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS, | ) ) ) | Case No. |
| Plaintiff, | ) ) | 5:19-cv-270-JMH |
| v. | ) ) | **MEMORANDUM** |
| MICHELLE N. ARMSTRONG and PATRICK B. ARMSTRONG, | ) ) ) | **OPINION & ORDER** |
| Defendants. | ) ) | |

\*\*\*

Defendant Patrick Armstrong was driving a Honda Z50R motor bike on National Avenue in Lexington, Kentucky, when he was hit by a car, causing serious injuries. Armstrong claimed he was entitled to underinsured motorist ("UIM") coverage under his policy with Safeco Insurance Company of Illinois. The company filed this action against Michelle and Patrick Armstrong, who hold the policy in their names, seeking a declaratory judgment that the Honda Z50R is either a motorcycle or a moped. [DE 1]. The parties have now filed cross motions for summary judgment and ask the Court to determine if the Armstrongs are, in fact, entitled to UIM benefits. [DEs 16, 17]. Though Safeco agrees that Armstrong has UIM coverage, the company argues that a written exclusion for accidents involving the insured on a motorcycle or moped is applicable here, and thus, Armstrong cannot claim its benefits. Armstrong contends that the

Honda Z50R is not a motorcycle or a moped, but some other form of "motor bike."[1]

For the reasons stated below, the Court will grant summary judgment for Armstrong, holding that he is entitled to UIM benefits under the policy. Additionally, because the parties have not briefed the issue of damages or the actual payout of Armstrong's benefits, the claims will be bifurcated pursuant to Fed. R. Civ. P. 42.

### I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff Safeco issued an automobile policy to Armstrong with coverage from March 2018 through 2019. [DE 16-1 at 2]. The policy includes UIM coverage that pays the insured compensatory damages when the operator of an underinsured vehicle causes the insured bodily injury. [*Id*.]. The policy at issue here includes coverage of $100,000 per occurrence and $300,000 in aggregate. [DE 17-1 at 3]. The policy excludes from coverage, however, bodily injuries that occur when the insured is driving either a "motorcycle" or a "moped." [DE 16-1 at 2]. The policy does not define the terms "motorcycle" or "moped." [*Id*. at 3].

---

[1] This Opinion will refer to the vehicle at issue neutrally as a "motor bike."

Defendant Patrick Armstrong was driving his Honda Z50R[2] in Lexington, Kentucky when he was struck by a vehicle driven by Matthew Massey. [*Id.* at 1]. He described the vehicle in a deposition taken in this case. [DE 17-1 at 4]. The motor bike is between eighteen and twenty inches tall, has eight-inch wheels, a forty-nine-cubic-centimeter engine, is rated at two horsepower, and has a top speed of about twenty-five miles per hour. [*Id.*]. It requires a kickstart, has a twist throttle and foot brake, no rearview mirrors, headlights, or taillights. [*Id.*]. Armstrong claims he purchased the bike for $150 with no title, and states that it never had a title. [*Id.*]. He does not carry a motorcycle license and claims one is not needed to operate the bike. [*Id.*]. He stated he never operated the bike on a highway or major thoroughfare, acknowledging that this would be unsafe. [*Id.*]. He claims he suffered significant injuries that cost him more than $100,000. [DE 17-1 at 3].

Safeco filed a complaint in this Court on July 3, 2019, alleging that the "motorcycle" owned operated by Armstrong is excluded from coverage. [DE 1 at 3]. The company's support for its contention that the vehicle is a motorcycle, since no definition is available, is that it is:

---

[2] Apparently, the police report erroneously stated that the vehicle was a Honda CRF50F. Armstrong testified during his deposition that he owns a 1993 Honda Z50R. The parties do not dispute this fact.

3

> A motor-driven vehicle having a seat or saddle for use by the operator and designed to travel on not more than three wheels in contact with the ground. It offers no protection whatsoever from the front, back, sides, or top, and leaves the rider exposed to every peril of the highway.

[*Id.*]. The Complaint further states that Armstrong owned and operated the motorcycle that was involved in the accident at issue. [*Id.*]. Safeco seeks a declaratory judgment from this Court finding that the insurance company is not obligated to provide UIM benefits to Armstrong because his vehicle, the "motorcycle,"[3] was excluded from the policy. [*Id.* at 4].

Additionally, it has come to the Court's attention that judicial interpretation of Safeco's insurance policy may not dispose of all the issues in the case. Safeco, in its complaint, requested a declaration that the company is not obligated to provide UIM coverage for the accident at issue in this case. [DE 1 at 5]. It asked, in the alternative, for the court to "declare the rights and obligations of Safeco Insurance Company of Illinois, if any, under the policy" and for any other relief the Court may

---

[3] Armstrong points out, correctly, that Safeco did not mention "moped" a single time in its complaint. The company only asked for a declaratory judgment as to whether the vehicle qualifies as a motorcycle. It is clear from the complaint and the record, however, that pre-discovery there may not have been any reason for the company to consider the motor bike to be a moped, particularly because the police report did not identify the correct model of bike. Because it is not dispositive to this Court's decision, the undersigned does not address the issue of waiver as Armstrong argues it should.

deem proper and just. [*Id*.]. While Armstrong contends that there is "no dispute between the parties that the injuries and damages [he] sustained have a value in excess of the bodily injury policy limits and $10,000 of Personal Injury Protection benefits" paid by the underinsured [DE 17-1 at 3-4], Safeco states that "[t]here has been no evaluation whatsoever of the damages components of this case at this juncture." [DE 19 at 2].

## II. LEGAL STANDARD

Summary judgment is appropriate only when no genuine dispute exists as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the burden to show that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 825 (6th Cir. 2013) (internal quotations omitted). The Court construes the facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The standards do not change when both parties seek to resolve an issue through cross-motions for summary judgment. *Craig v. Bridges Bros. Trucking, LLC*, 823 F.3d 382, 387 (6th Cir. 2016) (citing *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248

5

(6th Cir. 1991)). "[T]he court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.* (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed.Cir. 1987)).

Finally, in a diversity action, the Court applies the substantive law of the state in accordance with the applicable decisions of its highest court. *Pedigo v. UNUM Life Ins. Co. of Am.*, 145 F.3d 804, 808 (6th Cir. 1998)(internal citations omitted). If the state court has not decided the precise issue at hand, the federal court must determine the path the state court would most likely follow. *See Overstreet v. Norden Labs., Inc.,* 669 F.2d 1286, 1290 (6th Cir. 1982).

### III. ANALYSIS

The parties to this action do not dispute any of the facts of the case, but disagree only on the applicability of the Safeco UIM policy and its exclusions to the vehicle Armstrong was driving at the time of the accident. After thoroughly examining the various statutory, dictionary, and "expert" definitions of motorcycles and mopeds provided by the parties, the Court finds that Safeco has not adequately proven that the terms "motorcycle" and "moped" are so unambiguous and clear in its insurance policy so as to exclude Armstrong from coverage.

## A. Classification of the "motor bike"

In Kentucky, the construction of insurance contracts constitutes a question of law for the Court where there are no disputed facts. *Hanover Ins. Co. v. Am. Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994). Insurance exclusions are enforceable but strictly construed against the insurer and may not be extended beyond their clear meaning. *Kemper Nat'l Ins. Cos. v. Heaven Hill Distillers, Inc.*, 82 S.W.3d 869, 873 (Ky. 2002); *see also First Commonwealth Bank of Prestonsburg v. West*, 55 S.W.3d 829, 835 (Ky.Ct.App. 2000)("The construction and interpretation of a contract, including questions regarding ambiguity, are questions of law to be decided by the court."). In the absence of ambiguity, courts in Kentucky interpret a contract's terms by assigning the language its ordinary meaning, without resort to extrinsic evidence. *Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 106 (Ky. 2003)(internal citations omitted); *Nationwide Mut. Ins. Co. v. Nolan*, 10 S.W.3d 129, 131 (Ky. 1999). "Where the terms of an insurance policy are clear and unambiguous, the policy will be enforced as written." *Heaven Hill*, 82 S.W.3d at 873 (citing *Am. Nat'l Bank and Trust Co. v. Hartford Accident and Indem. Co.*, 442 F.2d 995, 999 (6th Cir. 1971)).

Safeco tells the Court that regardless of what the Honda Z50R actually is, it has to be either a motorcycle or a moped. This argument blends the two terms together, which is antithetical to

7

Kentucky's requirement that exclusions from UIM coverage be strictly construed. Each exclusion is to be read independently of the others. *Heaven Hill*, 82 S.W.3d at 874. Not only is an exclusion to be explicitly expressed and independent of other provisions, but the operative terms must be clearly defined. *St. Paul Fire & Marine Ins. v. Powell-Walton-Milward, Inc.,* 870 S.W.2d 223, 227 (Ky. 1994). The Safeco UIM policy provides no definition of the terms "motorcycle" or "moped."

When, as here, a term that would resolve any ambiguity of coverage is not clearly defined, the Court should give the term its ordinary meaning. *Transp. Ins. Co. v. Ford*, S.W.2d 901, 904 (Ky.Ct.App. 1994)(internal citations omitted). As Safeco notes, Kentucky courts frequently turn to dictionaries to determine the meaning of undefined terms in a contract. *See, e.g. Commonwealth v. Whitworth*, 74 S.W.3d 695, 700 (Ky. 2002). However, if the term is defined by the legislature in relevant context, those definitions may also be considered by the court. *See, e.g. Gager v. Cincinnati Ins. Co.*, 2015 WL 1438259, at *5-6 (W.D. Ky. March 27, 2015).

Safeco cites to Merriam Webster's online definition of "motorcycle" as "an automotive vehicle with two in-line wheels." [*Id.* at 5]. It defines "moped" as "a lightweight, low-powered motorbike that can be pedaled; *broadly*: any low-powered motorbike." [*Id.*]. Safeco states that these definitions make it

8

clear that the vehicle in question can be considered either a motorcycle or a moped, but it "fits more neatly into the definition of a motorcycle." [*Id.*]. Safeco also cites to the Honda Z50R's service manual, in which the bike is referred to as a motorcycle in several places. [*See* DE 16-4 at 12, 19]. The broad scope of these definitions are ultimately unhelpful in trying to define what should be a very limited exception to UIM coverage. Any motor bike of any kind with two wheels—including a moped—falls under this proffered definition of a motorcycle. The Court is not inclined to rely only upon a broad dictionary definition found online or a service manual's use of the word "motorcycle" to deny an insured coverage.

The parties agree that where a policy fails to define a term, Courts look to statutory authority to determine if the terms have technical meaning in the law. Because the Kentucky legislature has designed statutes that specifically govern UIM policies, titled the Kentucky Motor Vehicle Reparations Act ("MVRA"), those provisions and definitions should be examined next. KRS § 304.39-

320[4] governs UIM policies in Kentucky and makes it mandatory that insurers offer this kind of coverage. The MVRA does not define "motorcycle," but defines a moped in the same way it is defined below in KRS § 189.285(6)(b).

UIM terms and conditions may not be inconsistent with the fundamental requirements of the statute and its purpose, which is to provide full recovery for the insured. *Philadelphia Indem. Ins. Co. v. Morris*, 990 S.W.2d 621, 625 (Ky. 1999). The MVRA applies to motorcycles in the same manner and extent it applies to all motor vehicles, except where it specifically specifies otherwise. *Troxell v. Trammell*, 730 S.W.2d 525, 527 (Ky. 1987).

The Kentucky Court of Appeals has also held that the exclusion of UIM coverage for bodily injuries sustained by an insured while operating an owned motorcycle or moped is valid. *Baxter v. Safeco Ins. Co. of America*, 46 S.W.3d 577, 579 (Ky.Ct.App. 2001), *review*

---

[4] "Every insurer shall make available upon request to its insureds underinsured motorist coverage, whereby *subject to the terms and conditions of such coverage not inconsistent with this section* the insurance company agrees to pay its own insured for such uncompensated damages as he may recover on account of injury due to a motor vehicle accident because the judgment recovered against the owner of the other vehicle exceeds the liability policy limits thereon, to the extent of the underinsurance policy limits on the vehicle of the party recovering." (emphasis added). Additionally, it should be noted that UIM coverage applies to persons who are injured while not in motor vehicles, as well as those injured while operating them. *Dupin v. Adkins*, 17 S.W.3d 538, 542 (Ky.Ct.App. 2000). Thus, the statute does not require that the insured occupy a motor vehicle at the time of the accident in order to recover. *Id.*

*denied*. The exclusion of motorcycles from policies was declared reasonable by the Kentucky Supreme Court in *Preferred Risk Mutual Ins. Co. v. Oliver*, where the court noted that motorcycles "offer no protection whatsoever from the front, back, sides or top, and leave the rider exposed to every peril of highway travel," a description Safeco adopted as the definition of a motorcycle for purposes of this case. 551 S.W.2d 574, 577 (1977).

Of course, the question here is not whether the exclusion of a motorcycle is valid or reasonable; Kentucky courts have clearly held that they are. Our question is whether the Honda Z50R is a motorcycle that falls into that exclusion. KRS 189.285(6)(a), which defines motor vehicles for traffic regulation in Kentucky, defines a motorcycle as follows:

> "Motorcycle" means any motor-driven vehicle having a seat or saddle for the use of the operator and designed to travel on not more than three (3) wheels in contact with the ground, but excluding tractors and vehicles which the operator and passengers ride in an enclosed cab and excluding a moped as defined in this subsection.

Safeco goes on to include the definition of a moped under the same Kentucky chapter. [*Id*.]. KRS § 189.285(6)(b) defines a moped as:

> "Moped" means either a motorized bicycle whose frame design may include one (1) or more horizontal crossbars supporting a fuel tank so long as it also has pedals, or a motorized bicycle with a step-through type frame which may or may not have pedals rated no more than two (2) brake horsepower, a cylinder capacity not exceeding fifty (50) cubic centimeters, an automatic transmission not requiring clutching or shifting by the operator after the drive system is engaged, and capable of a

11

maximum speed of not more than thirty (30) miles per hour.

Because the parties agree that the Z50R has a seat or saddle with no more than three wheels and no enclosed cab, Safeco argues that it must be a motorcycle for purposes of this case. [DE 16-1 at 6]. The company provides testimony from its deposed expert, Jay Huber, who stated that the Z50R could possibly qualify as a moped under Kentucky's definition, although, he clearly states, it is not a motorcycle. [*Id*. at 8].

But Armstrong also argues that two Kentucky statutes, KRS §§ 186.050 and 189.040, should control the Court's decision. Those definitions, which deal with the licensing of vehicles for Kentucky roadways, provide requirements of each vehicle in order to be officially registered. The statute addressing motorcycles, cited by Armstrong, states that one can only be operated on a public highway if the driver has a motorcycle operator's license and it is equipped with a rearview mirror. KRS § 189.285(1)(a) and (c). It also details other requirements and criteria for the vehicle to be licensed on Kentucky roadways. In sum, Armstrong states that for the motor bike to be a motorcycle for UIM purposes, it must be legally permissible to operate it on Kentucky roadways. Safeco argues that these definitions are irrelevant because they exist for the purpose of licensing and registration. [DE 19 at 4]. Further, the company states that "[j]ust because the Z50R cannot

legally be operated on the roadway does not mean that it is not a motorcycle or a moped; it only means that it cannot legally be operated on the roadway." [*Id*. at 5].

It is not for the undersigned to pick which definition appears to be more fitting or applicable to the vehicle and situation at hand. Safeco had the duty of defining the terms in its own policy and Armstrong at this juncture is only required to provide a reasonable interpretation of what he thinks a motor bike is. If the policy language is reasonably susceptible to more than one interpretation, the policy is considered ambiguous. *Powell-Walton-Milward*, 870 S.W.2d at 227-28.

Ambiguities may appear in the language itself, or when a provision is applied to a claim. *Id*. at 227. These ambiguities must be construed to protect the reasonable expectations of the insured. *Id*. at 225. Coverage for UIM benefits must be found if any reasonable interpretation of the policy would support it, even if the insurer provides another reasonable interpretation. *Id*. at 227. "The rule of strict construction against an insurance company certainly does not mean that every doubt must be resolved against it and does not interfere with the rule that the policy must receive a reasonable interpretation consistent with the parties' object and intent or narrowly expressed in the plain meaning and/or language of the contract." *Id*. at 226. Courts should not rewrite

an insurance contract to make the insurer's risk larger. *Id*. at 226-27.

Armstrong has pointed to statutory authority, as well as testimony from Safeco's own expert to demonstrate that the motor bike could reasonably be something other than a moped or a motorcycle. Further, after examining the definitions provided by statute, the dictionary, from lay persons such as Armstrong himself, and from Safeco's expert Jay Huber, it is clear that there are many different ways to define a motorcycle, a moped, and a motor bike, making the policy terms ambiguous. The various definitions stand in conflict with one another and none has the definitive authority to explain an exclusion applied in this context. The MVRA itself does not define a motorcycle, leaving two statutory definitions that are different from one another and were not written to define the scope of UIM or other insurance coverage.

**B. Bifurcation**

"A district court may bifurcate a trial 'in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy.'" *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996)(quoting Fed. R. Civ. P. 42(b). By resolving the liability issue at the dispositive motion stage, the Court is in the odd position of bifurcating the issues as it is deciding one of them. The Sixth Circuit has approved of the bifurcation of the issues of liability

14

and damages even after trial is already under way. *Saxion,* 86 F.3d at 556 (citing *Helmsinki v. Ayerst Laboratories*, 766 F.2d 208, 212 (6th Cir. 1985)). Here, it is clear that in the interest of convenience and expedience, the issues should be bifurcated so that the parties can now seek resolution of the damages in this case.

## IV. CONCLUSION

Because exclusions from UIM insurance are construed in favor of the insured and strictly interpreted, Safeco had the responsibility to define what a motorcycle and moped are, independently, for purposes of the exclusion. It failed to do so and failed to demonstrate that no reasonable interpretation from the insured could define the Honda Z50R as anything other than a motorcycle or moped.

Accordingly, **IT IS ORDERED** as follows:

(1) The Plaintiff's request for a declaratory judgment and claims related to liability in this action are hereby **BIFURCATED** from the determination of monetary damages and coverage;

(2) Plaintiff Safeco Insurance Company of Illinois's motion for summary judgment [DE 16] is **DENIED,** and thus, Plaintiff's request for a declaratory judgment is **DENIED**; and

(3) Defendants Michelle N. Armstrong and Patrick Armstrong's cross-motion for summary judgment [DE 17] is **GRANTED.**

15

This the 3rd day of April, 2020.


Signed By:
*Joseph M. Hood*　JMH
Senior U.S. District Judge